BABBIT ELECTRONICS, INC., Plaintiff,

v.

DYNASCAN CORPORATION, Defendant.

DYNASCAN CORPORATION,
Counterplaintiff,

v.

BABBIT ELECTRONICS, INC., Sol
Steinmetz and Robert Steinmetz,
Counterdefendants.

Benjamin Borenstein and Debra
Borenstein, Impleaded
Parties.

No. 89–7048–CIV.

United States District Court,
S.D. Florida.

Dec. 1, 1995.

Julie Feigeles, Adorno & Zeder, P.A., Miami, FL, Robert E. Wagner, Wallenstein, Wagner & Hattis, Chicago, IL, for Counterplaintiffs.

Michael Heidt, Jeffrey R. Mazor and Associates, P.A., North Miami Beach, FL, for Impleaded Parties.

## ORDER AFFIRMING MAGISTRATE'S REPORT AND RECOMMENDATION

HIGHSMITH, District Judge.

THIS CAUSE came before the Court upon Impleaded Parties Debra Borenstein and Benjamin Borensteins' Objection to Judgment on Order of Impleader and Imposition of Equitable Lien, filed June 27, 1995.

### PROCEDURAL BACKGROUND

On June 22, 1993, judgment was entered in this cause in favor of Counterplaintiff in Execution Cobra Electronics Corp., formerly known as Dynascan Corporation ("Cobra"). Subsequently, Counterdefendant Sol Steinmetz, a judgment debtor, transferred property to his daughter and son-in-law, Debra and Benjamin Borenstein (together, "the Borensteins").

On November 15, 1994, Magistrate Judge Garber entered an Order, subsequently amended on December 16, 1994, impleading the Borensteins into the above-referenced action, in a proceeding supplementary to execution of the judgment.

On April 1, 1995, the impleaded parties were served with an Order issued by Magistrate Judge Garber on March 24, 1995, to

show cause, on or before April 21, 1995, why judgment should not be entered against them in the amount of $117,184.23 and why an equitable lien should not be placed on their home for that amount; and why judgment should not be entered

against them for the present value of 500 shares of IBM stock.

In response, on April 20, 1995, the Borensteins filed a Motion to Dismiss and/or Motion to Strike the Order to Show Cause. The Borensteins also filed a reply to Cobra's response to their motion. Thereafter, by Order issued on June 6, 1995, Magistrate Judge Garber set the motion for a hearing. A hearing before Magistrate Judge Garber was held on June 20, 1995.

On June 21, 1995, Magistrate Judge Garber issued a Judgment on Order of Impleader and Imposition of Equitable Lien which, *inter alia,* denied the Borensteins' Motion to Dismiss and/or Motion to Strike the Order to Show Cause, entered final judgment in favor of Cobra and against the Borensteins, and imposed an equitable lien on their property in favor of Cobra. The Borensteins now object to the magistrate judge's entry of such Judgment.

## DISCUSSION

Title 28, United States Code, Section 636 outlines the scope of the jurisdiction exercised by United States magistrate judges. The statute specifically precludes a magistrate judge from "hear[ing] and determin[ing] . . . a motion . . . to dismiss for failure to state a claim upon which relief can be granted." 28 U.S.C. § 636(b)(1)(A). The statute further provides that a magistrate may "conduct hearings . . . and [ ] submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A)." 28 U.S.C. § 636(b)(1)(B). Upon the consent of the parties, however, the statute does permit magistrate judges to exercise jurisdiction to "conduct any or all proceedings in a . . . civil matter and order the entry of judgment in the case." 28 U.S.C. § 636(c)(1). Although the original parties in this case had previously consented to Magistrate Judge Garber's exercise of jurisdiction over case-dispositive matters, the newly impleaded parties, the Borensteins, did not participate in such consent. Therefore, Magistrate Judge Garber lacked the requisite jurisdiction to rule on the Borensteins' motion to dismiss. Magis-

trate Judge Garber was authorized, however, to issue a report and recommendation on the motion. For this reason, this Court shall deem the Judgment on Order of Impleader and Imposition of Equitable Lien to be a report and recommendation.

In their objection, the Borensteins claim that they did not receive an opportunity to present any evidence to show cause why the equitable lien and the judgment should not be entered against them. Contrary to this contention, however, the Borensteins, themselves, acknowledge that they were served with an Order to Show Cause. The Borensteins responded by filing the Motion to Dismiss and/or Motion to Strike the Order to Show Cause. Furthermore, Magistrate Judge Garber held a hearing on the Borensteins' motion, thereby giving them ample opportunity to demonstrate why the judgments should not be entered against them and why an equitable lien should not be placed on their home. Therefore, the Court concludes that the Borensteins' objection on the grounds that they have not been afforded due process lacks merit.

Having conducted a *de novo* review of Magistrate Judge Garber's Judgment on Order of Impleader and Imposition of Equitable Lien, deemed to be a Report and Recommendation, the Borensteins' objection, the counterplaintiff's response, the Borensteins' reply, and the pertinent portions of the record, and being otherwise duly advised, it is hereby

ORDERED AND ADJUDGED that the above-mentioned Report and Recommendation of Magistrate Judge Garber be RATIFIED, AFFIRMED, and made the Order of the District Court. Accordingly, it is hereby

ORDERED AND ADJUDGED as follows:

1. The Motion to Dismiss and/or Motion to Strike filed by the Borensteins is DENIED.

2. The transfer of $117,184.23 from Sol Steinmetz for the benefit of the Borensteins is void.

3. The transfer of 500 shares of IBM stock from Sol Steinmetz to the Borensteins is void.

4. Final Judgment is entered in favor of Counterplaintiff in Execution Cobra and against the Borensteins, jointly and severally, for the present market value of 500 shares of IBM stock, for which sum let execution issue.

5. Final Judgment is entered in favor of Counterplaintiff Cobra and against the Borensteins, jointly and severally, in the amount of $117,184.23, plus interest, pursuant to Florida statutes, since July 2, 1993, for which sum let execution issue.

6. Counterplaintiff holds an equitable lien in the amount of $117,184.23, plus interest, pursuant to Florida statutes, since July 2, 1993, superior to any claim or estate of the Borensteins, on the property located at 19902 N.E. 19th Court, North Miami Beach, in Dade County, Florida, which property is legally described on Exhibit "A" to this Order.

7. The commencement of foreclosure proceedings by the counterplaintiff to enforce the equitable lien shall be stayed for a period of thirty (30) days from the date of this Order to allow the Borensteins to pay the amount due to the counterplaintiff. In the event payment is not made within thirty (30) days, the counterplaintiff may commence foreclosure proceedings without further order of this Court.

8. The counterplaintiff is entitled to costs and reasonable attorneys' fees against the counterdefendants pursuant to Fla.Stat. § 56.29(11), which shall be taxed on appropriate motion.

DONE AND ORDERED in Chambers at Miami, Florida, this 30th day of November, 1995.

#### EXHIBIT "A"

Lot 1, Block 1, OAK HAMMOCK ESTATES, according to the Plat thereof, as recorded in Plat Book 127, page 75, in the Public Records of Dade County, Florida, less and except that portion of Lot 1, Block 1, of OAK HAMMOCK ESTATES, more particularly described as follows:
BEGIN at the Southwest corner of said Lot 1, Block 1; the following two (2) courses being along the Westerly and Northerly boundaries of said Lot 1: (1) thence North 00°21'39" West for 46.74 feet to the Northwest corner of said Lot 1; (2) thence North 65°59'51" East for 12.91 feet to a point on a circular curve leading to the right and whose radius point bears South 85°49'59" West for 78.00 feet; thence Southeasterly along said curve through a central angle of 03°48'22" for 5.18 feet to a point of tangency; thence South 00°21'39" East for 46.74 feet to a point on the Southerly boundary of said Lot 1, Block 1; thence South 89°38'21" West along said Southerly boundary for 12.00 feet to the Point of Beginning.

f:/usr/u13/0008–92

### JUDGMENT ON ORDER OF IMPLEADER AND IMPOSITION OF EQUITABLE LIEN

GARBER, United States Magistrate Judge.

 THIS CAUSE came before the Court upon the Order granting Motion for Impleader of Third Parties entered November 15, 1994, the Amended Order entered December 16, 1994, and the Order to Show Cause entered March 25, 1995 and served on Benjamin and Debra Borenstein on April 1, 1995. In response to the Order to Show Cause, Benjamin and Debra Borenstein filed a Motion to Dismiss and/or Motion to Strike Order to Show Cause. The Court has considered the Motion, and the motions, affidavits, depositions and documentary evidence previously presented by the parties. The Court finds as follows:

a. Judgment was entered in this cause on June 22, 1993.

b. On June 24, 1993, Counterdefendant Sol Steinmetz transferred 500 shares of IBM stock to an account owned by Benjamin Borenstein and Debra Borenstein.

c. On July 7, 1993, Counterdefendant Sol Steinmetz transferred to Sunshine Financial Corp. for the benefit of Benjamin Borenstein and Debra Borenstein the sum of $117,184.23. The funds were used to satisfy a mortgage on the home of Benjamin and Debra Borenstein. The property is legally described below.

d. Debra and Benjamin Borenstein are the daughter and son-in-law of Counterdefendant Sol Steinmetz.

e. The above transfers were made without consideration at a time when judgment had been entered and Sol Steinmetz had insufficient assets to satisfy the judgment.

f. The transfers from Sol Steinmetz to his daughter and son-in-law, without an exchange of reasonably equivalent value, were frauds upon Counterplaintiff Cobra Electronics Corp. as to the indebtedness owed by Counterdefendants. The transfers were made to delay, hinder and defraud Sol Steinmetz' creditor in the collection of its judgment debt.

g. Benjamin and Debra Borenstein are in possession of property of Counterdefendant Sol Steinmetz.

h. Because the transfer of $117,184.23 was used to satisfy a mortgage on the home of Benjamin and Debra Borenstein, Cobra is entitled to an equitable lien on their home in the amount of the transfer. *See Palm Beach Savings & Loan Assn. v. Fishbein,* 619 So.2d 267 (Fla.1993). Benjamin and Debra Borenstein will stand in no worse position by the imposition of an equitable lien than they stood before the fraudulent transfer of funds.

Based on the above findings, it is hereby ORDERED:

1. The Motion to Dismiss and/or Motion to Strike filed by Benjamin Borenstein and Debra Borenstein is hereby denied.

2. The transfer of $117,184.23 from Sol Steinmetz for the benefit of Debra Borenstein and Benjamin Borenstein is void.

3. The transfer of 500 shares of IBM stock from Sol Steinmetz to Debra Borenstein and Benjamin Borenstein is void.

4. Final Judgment is entered in favor of Counterplaintiff Cobra Electronics Corp. and against the implead parties Benjamin Borenstein and Debra Borenstein, jointly and severally, for the present value of 500 shares of IBM stock, in the amount of $ market value, for which sum let execution issue.

5. Final Judgment is entered in favor of Counterplaintiff Cobra Electronics Corp. and against the implead parties Benjamin Borenstein and Debra Borenstein, jointly and severally, in the amount of $117,184.23, plus interest since July 2, 1993 in the amount of $_____, for which sum let execution issue.

6. Counterplaintiff holds an equitable lien in the amount of $117,184.23, plus interest since July 2, 1993 in the amount of $_____, superior to any claim or estate of Benjamin Borenstein and Debra Borenstein, on the following described property located in Dade County, Florida:

19902 N.E. 19th Court
North Miami Beach, Florida,

legally described on attached Exhibit "A".

7. The commencement of foreclosure proceedings by Cobra to enforce the equitable lien shall be stayed for a period of thirty (30) days from the date of this Order in order to allow Benjamin and Debra Borenstein to pay the amount due to Cobra. In the event payment is not made within thirty (30) days, Cobra may commence foreclosure proceedings without further order of Court.

8. Cobra is entitled to costs and reasonable attorneys' fees against Counterdefendants pursuant to Fla.Stat. § 56.29(11), which shall be taxed on appropriate motion.

DONE AND ORDERED in Chambers at Miami, Florida, this 21st day of June, 1995.

### EXHIBIT "A"

Lot 1, Block 1, OAK HAMMOCK ESTATES, according to the Plat thereof, as recorded in Plat Book 127, page 75, in the Public Records of Dade County, Florida, less and except that portion of Lot 1, Block 1, of OAK HAMMOCK ESTATES, more particularly described as follows:

BEGIN at the Southwest corner of said Lot 1, Block 1; the following two (2) courses being along the Westerly and Northerly boundaries of said Lot 1: (1) thence North 00°21'39" West for 46.74 feet to the Northwest corner of said Lot 1; (2) thence North 65°59'51" East for 12.91 feet to a point on a circular curve leading to the right and whose radius point bears South

85°49′59″ West for 78.00 feet; thence Southeasterly along said curve through a central angle of 03°48′22″ for 5.18 feet to a point of tangency; thence South 00°21′39″ East for 46.74 feet to a point on the Southerly boundary of said Lot 1, Block 1; thence South 89°38′21″ West along said Southerly boundary for 12.00 feet to the Point of Beginning.

f:/usr/u13/0008–92